UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.

ROSENA SANKAR,

    Plaintiff,

v.

COSTCO WHOLESALE CORPORATION,

    Defendant.
_____/

## COMPLAINT

Comes now ROSENA SANKAR ("Plaintiff"), on behalf of herself hereby sues COSTCO WHOLESALE CORPORATION, and alleges as follows:

### JURISDICTION, PARTIES, AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 42 U. S. C. § 2000e-5(f), 42 U. S. C. § 2000e-6, 28 U. S. C. §§ 1331, 1345. This action is authorized and instituted pursuant the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 626(b) (the "ADEA").

2. The Court has original jurisdiction over Plaintiffs' claims arising pursuant to 28 U.S.C. §§ 1331, 1367 and 1343.

3. Plaintiff ROSENA SANKAR is an individual *sui juris* residing in Miami-Dade County, Florida.

4. Defendant COSTCO WHOLESALE CORPORATION is a Foreign Profit Corporation with its principal place of business in Issaquah, Washington.

5. Defendant has continuously been doing business in the state of Florida and in locations throughout the United States, including the Defendant's Flagler location within Miami-Dade County, Florida.

6. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Southern District of Florida.

7. Venue is proper pursuant to 28 U. S. C. § 1391.

## ADMINISTRATIVE PROCEDURES

8. More than thirty (30) days prior to the institution of this lawsuit, ROSENA SANKAR filed a charge with the Commission alleging that Defendant discriminated against her in violation of the ADEA.

9. By letter dated March 25, 2019, the Commission issued to Defendant a Determination finding reasonable cause to believe that Defendant violated the ADEA and invited Defendant to participate in informal methods of conciliation.

10. The Commission was unable to secure a conciliation agreement that was acceptable and by letter dated September 4, 2019, it determined that it would make no further efforts to conciliate the case as further conciliation efforts would be futile or non-productive.

11. By letter dated September 4, 2019, the Commission issued its Notice of Right to Sue.

## STATEMENT OF CLAIMS

12. Ms. Sankar is a licensed Optician.

13. Ms. Sankar was and is an employee of Defendant in the position of Licensed Optician, a position she has held since on or about February 1998.

14. In 2015, new management was introduced to the Flagler Store, including a new General Manager, Terence "Terry" Donohue ("Mr. Donohue") and a new Optical Manager, Jill Poda ("Ms. Poda").

15. Within days of arrival, Mr. Donohue made humiliating and discriminatory comments regarding another employee, Nancy Gomez ("Ms. Gomez"), in particular, Ms. Sankar

witnessed discriminatory acts and comments perpetuated by Ms. Poda.

16. Ms. Poda, as Ms. Gomez's direct supervisor began singling out Ms. Gomez due to her age. Ms. Sankar witnessed the discriminatory acts perpetuated by Ms. Poda and authorized by Mr. Donohue.

17. When Ms. Gomez filed a Complaint with the Equal Employment Opportunity Commission ("EEOC"), Ms. Sankar was identified as a potential witness.

18. Ms. Sankar interviewed with Defendant's human resources personnel and with representative of the EEOC and recounted the conduct and events she witnessed.

19. Although Ms. Sankar had a clean employment record and had been continuously employed by Defendant since February of 1998 without issue, Ms. Sankar was suddenly subjected to retaliatory discipline by Ms. Poda, her supervisor, for her truthful when questioned in the EEOC investigation.

20. Ms. Sankar was subjected to harassment by Ms. Poda, she was counseled by Ms. Poda several times and disciplined. Ms Sanokar was even suspended twice (2) without pay for three (3) days, all in retaliation for her truthfulness during the EEOC investigation related to Ms. Gomez's ADEA violation claims.

21. In one (1) instance Ms. Poda gave Ms. Sankar the day off, then claimed that she never did and wrote up Ms. Sankar for missing a day without notifying her employer. A claim Ms. Sankar vehemently denied and when she spoke with the general manager, Mr. Donohue assured Ms. Sankar that the issue would be corrected in her file. It was never rectified and remains on Ms. Poda's records.

22. Ms. Poda also falsely accused Ms. Sankar of falsifying patient records and changing the patient's addresses and contact information.

23. Ms. Poda falsely accused Ms. Sankar of misusing her "Executive Membership" in order to purchase goods for non-members and inflate her 2% reward.

24. All of these events occurred after Ms. Poda became aware of Ms. Sankar involvement as with Ms. Gomez's EEOC Complaint as a witness that had seen the overt and unlawful hostile work environment created by Ms. Poda and to which Ms. Gomez was subjected to by the Defendant solely because of her age.

25. Ms. Sankar was intentionally and disparately treated and subjected to discipline for things that were either false or non-issues for other employees and were non-issues for Ms. Sankar prior to her involvement in the EEOC investigation. It was purely retaliatory for her adverse testimony.

26. Ms. Poda used her position as a supervisor to retaliate against Ms. Sankar and created a hostile work environment in violation of the ADEA.

27. Ms. Sankar was intentionally subjected to material adversity by the Defendant at the hands of Ms. Poda and suffered significant harms as a direct result of her involvement with the EEOC investigation instituted by another employee.

28. The actions taken by Ms. Poda against Ms. Sankar were meant to deter reasonable workers from engaging in a protected activity, namely an EEOC investigation.

29. Prior to her involvement in the EEOC investigation, Ms. Sankar was never subjected to discipline or had any issues with Ms. Poda or any members of the management.

30. Ms. Sankar's employment record is now littered with Ms. Poda's false accusations and inaccurate "write-ups" as a direct result of her involvement in the EEOC's investigation conducted pursuant to the ADEA.

31. Ms. Poda, is no longer at that location, and prior to leaving, she informed Ms.

Sankar that she was one (1) write-up away from being terminated by Defendant and ineglible for promotion.

32. All conditions precedent to bringing this action have been met or waived.

COUNT I
RETALIATION IN VIOLATION OF THE AGE DISCRIMINATION IN EMPLOYMENT ACT

33. Plaintiff re-asserts and re-alleges the allegations contained paraphs 1-31 as if fully set forth herein.

34. The Age Discrimination in Employment Act protects applicants and employees 40 years of age and older from discrimination on the basis of age in hiring, promotion, discharge, compensation, or terms, conditions or privileges of employment.

35. The Age Discrimination in Employment Act and its implementing regulations prohibit employers from to (1) failing or refusing to hire or to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age; and (2) limiting, segregating, or classifying his employees in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's age. 29 U.S.C. §623(a).

36. The ADEA also prohibits employers from discriminating against employees who have made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or litigation under the ADEA. 29 U.S.C. §623(d).

37. The ADEA makes it unlawful for an employer to retaliate against an employee because she has participated in any investigation or proceeding under the Act or because she has opposed the employer's discriminatory practices. 29 U.S.C. §623(d).

38. Defendant has continuously been doing business in the state of Florida and in

locations throughout the United States, and has continuously had at least 20 employees throughout the relevant time period.

39. Defendant is an employer within the meaning of 29 U.S.C. §630.

40. Defendant retaliated against Plaintiff ROSENA SANKAR in violation of Section 4 of the ADEA, 29 U.S.C. § 623(d)

41. Defendant intentionally disciplined and subjected Ms. Sankar to adverse employment actions as a result of her participation in another employee's EEOC complaint.

42. Defendant and its agents took action against Ms. Sankar which retaliated against her for her involvement in a protected activity pursuant to the ADEA.

43. Defendant intentionally retaliated against Ms. Sankar as a result of her involvement in the investigation by the EEOC in violation of the ADEA.

44. But for Ms. Sankar's involvement, Defendant and its agents would not have engaged in the significant adverse employment actions against her.

WHEREFORE, Plaintiff respectfully requests this Court award ROSENA SANKAR:

a. The amount of her unpaid wages;

b. Any overtime compensation;

c. Liquated damages;

d. Past, present and future lost wages;

e. Reasonable attorney's fees and costs; and

f. Order such other appropriate relief as the interests of justice require.

## JURY TRIAL DEMAND

The Plaintiff demands a trial by jury on all facts and issues raised in her Complaint.

Dated: December 3, 2019

**GARCIA-MENOCAL & PEREZ, P.L.**

*Attorneys for Plaintiff*
4937 S.W. 74th Court
Miami, Florida 33155
Telephone: (305) 553-3464
Facsimile: (305) 553-3031
Primary E-Mail: ajperez@lawgmp.com
Secondary E-Mails: bvirues@lawgmp.com
　　　　　　　　　aquezada@lawgmp.com

By: ___*/s/ Anthony J. Perez*_____
　　　ANTHONY J. PEREZ
　　　Florida Bar No.: 535451